FILED
2011 Apr-04  AM 09:38
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | ) | |
| | ) | |
| PLAINTIFF, | ) | **2:11-cv-891-JHH** |
| VS. | ) | |
| GUSTER LAW FIRM, LLC | ) | |
| DEFENDANT. | ) | |

## MEMORANDUM OPINION

The court has before it the Amended Complaint for Declaratory Judgment (Doc. #7) filed by Plaintiff Nationwide Mutual Fire Insurance Company ("Nationwide") on March 29, 2011 in response to the court's March 23, 2011 order (Doc. #6).  After examination of the Amended Complaint, it still fails to properly allege this court's diversity jurisdiction, and is due to be dismissed without prejudice.

## I.  Procedural History

On March 7, 2011, Nationwide filed a Complaint for Declaratory Judgment (Doc. #1) against Defendant Guster Law Firm, LLC.  Because the Declaratory Judgment Act provides only a particular form of relief and does not confer jurisdiction which would not otherwise exist, see Schilling v. Rogers, 363 U.S. 666, 677 (1960), the Complaint invoked the court's diversity jurisdiction.  (Doc. #1 at ¶¶

4-5.)  The Complaint alleges the following, in pertinent part, to establish the court's

diversity jurisdiction under 28 U.S.C. § 1332:

     1.   Plaintiff, Nationwide Mutual Fire Insurance Company (hereinafter
"Nationwide"), is a corporation organized and existing under the laws of the State of
Ohio with its principal place of business in Columbus, Ohio.

     2.  Defendant, Guster Law Firm, LLC, is a limited liability corporation which,
based on information and belief, is an Alabama corporation with its principal place
of business in Alabama.

(Doc. #1 at ¶¶ 1-2.)

     Because the court has "an obligation to examine <u>sua sponte</u> their jurisdiction

before reaching the merits of any claim," <u>Kelly v. Harris,</u> 331 F.3d 817, 819 (11th Cir.

2003), the court reviewed the instant complaint and found the it failed "to set forth

sufficient information to establish complete diversity of citizenship under [28 U.S.C.]

§ 1332." (Doc. #6.)  The court gave Plaintiff twenty-one (21) days to file an amended

complaint alleging facts sufficient to establish diversity jurisdiction.   (<u>Id.</u>)

Additionally, the court cited <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings,</u>

<u>LLC</u>, 374 F.3d 1020, 1021-22 (11th Cir. 2004) to aid the Nationwide in amending its

complaint.

     On March 29, 2011, Nationwide filed its Amended Complaint for Declaratory

Judgment (Doc. #7).  The jurisdictional allegations remained strikingly similar, but

did add some additional language:

2

      1.   Plaintiff, Nationwide Mutual Fire Insurance Company (hereinafter "Nationwide"), is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Columbus, Ohio.

      2.  Defendant, Guster Law Firm, LLC, is a limited liability corporation which, based on information and belief, is an Alabama corporation with its principal place of business in Birmingham, Jefferson County, Alabama.

        ...

      4.  This Court has subject matter jurisdiction over this matter pursuant to 29 U.S.C. 1332 [sic].  Nationwide and Guster Law Firm, LLC are domiciled in different states and this Court has original jurisdiction over the civil action pursuant to 28 U.S.C. § 1332(a)(1) as the matter in controversy exceeds the sum or value of Seventy-Five Thousand and no/100 ($75,000.00), exclusive of interest and costs.

(Doc. #7 at ¶¶ 1,2,4.)

## II. Discussion

The jurisdiction of a federal court can be based upon either a question of federal law or diversity of citizenship. Here, only diversity jurisdiction is at issue. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction requires the legal matter to exceed the sum or value of $75,000, exclusive of interest and costs, and be between citizens of different states.   28 U.S.C. § 1332(a)(1).   "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof."  Ray v. Bird & Son & Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1975).  Thus,

as the Plaintiff, Nationwide must plead and, if challenged,[1] prove the citizenship of the parties.

The Complaint (Doc. #1) and Amended Complaint (Doc. #7) both allege that Guster Law Firm is an LLC.[2]  For purposes of 28, U.S.C. § 1332, the citizenship of a limited liability company, as an artificial, unincorporated entity, is determined by the citizenship of all the members composing the organization.  See Rolling Greens, 374 F. 3d at 1021-22.  Thus, a limited liability company is a citizen of any state of which a member of the company is a citizen.  Id. at 1022.  And, therefore, a limited liability company could be deemed a citizen of more than one state and those states may have no connection to the place of the LLC's formation or operations.  To sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of all the members of the limited liability company.  Id.  In examining the jurisdictional allegations presented in the Complaint and Amended Complaint, the court finds that they are lacking, as Nationwide failed to identify the members of the

---

[1] Because federal courts are courts of limited jurisdiction, they "always have an obligation to examine sua sponte their jurisdiction before reaching the merits of any claim."  Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003).

[2] The complaints also state that Guster Law Firm, LLC  is a "limited liability corporation."  (Doc. #1 at ¶ 2; Doc. #7 at ¶ 2)  The court notes, however, that the abbreviation "LLC" actually stands for "limited liability company" and not "corporation."  See http://www.irs.gov/business/small/article/0,,id=98277,0.html ("A Limited Liability Company (LLC) is a business structure allowed by state statute.)

LLC and the citizenship of each member.  (See Doc. #1 at ¶ 2; Doc. #7 at ¶¶ 2, 4.)

As a result of these deficiencies, the court is unable to ascertain whether complete diversity of citizenship exists, and, therefore the Amended Complaint fails to satisfy the prerequisites of subject matter jurisdiction.  Therefore, the case is due to be dismissed, without prejudice, for lack of jurisdiction.  This order renders **MOOT**  Defendant's motion (Doc. #8) to dismiss the complaint.

DONE this the  4th  day of April, 2011.

_James H. Hancock_

_____

SENIOR UNITED STATES DISTRICT JUDGE